FILED
2014 Sep-25  AM 09:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| JENNIFER NIX, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | |
| | ) | |
| COUCH, CONVILLE & BLITT, LLC, a | ) | |
| Louisiana limited liability company; and | ) | * JURY TRIAL REQUESTED * |
| MALEA A. HIGDON, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Comes now plaintiff Jennifer Nix ("Nix") and for her Complaint against the defendants says as follows:

### PARTIES

1.      Nix is an individual who resides in Shelby County, Alabama.

2.      Upon information and belief:

      A.      Defendant Couch, Conville & Blitt, LLC ("CC&B"), is a limited liability company formed in Louisiana, registered as a foreign limited liability company with the Alabama Secretary of State, and doing business as a law firm in Alabama with an office in the City of Irondale in Jefferson County, Alabama.

      B.      Defendant Malea A. Higdon ("Higdon") is an adult resident citizen of Alabama who resides within the boundaries of the Northern District of Alabama.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction of this action under 15 U.S.C. § 1692k(d), which provides for jurisdiction over civil actions authorized by the federal Fair Debt Collection Practices

Act. This court also has jurisdiction under 29 U.S.C. § 1331, because this is an action "arising under the Constitution, laws, or treaties of the United States."

4.      Venue is proper in this District under 28 U.S.C. § 1391(b)(1),(2) & (c). Both defendants are deemed to "reside" in this District under 28 U.S.C. § 1391(c). CC&B operates a law office in this District and is subject to this Court's personal jurisdiction, and Higdon resides and practices law in this District. Additionally, the acts complained of occurred in substantial part in this District.

## BACKGROUND FACTS

5.      This action arises from the defendants' violations of the federal Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §§ 1692 *et seq.*

6.      Congress enacted the FDCPA in 1978 to protect consumers from unfair bill-collection tactics after finding "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). Congress found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.*

7.      For purposes of the FDCPA, a "consumer" includes "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

8.      Nix is a "consumer" within the meaning of the FDCPA.

9.      The FDCPA applies to an "obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

2

10.     The alleged debt that the defendants sought to collect from Nix involved a personal credit card account with Citibank, N.A. ("Citibank"). The alleged debt was, therefore, subject to the FDCPA.

Defendants as Debt Collectors

11.     Under the FDCPA, "[t]he term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1602a(6).

12.     In correspondence to Nix before the commencement of this action, CC&B identified itself as a "debt collector." Additionally, CC&B declares on its website that it is "a multi-state law firm, which focuses primarily upon a legal collection and creditors' rights practice." *See* "Home" page, http://www.gulfsouthlegal.com/ (last viewed September 24, 2014). Therefore, CC&B is a "debt collector" for purposes of the FDCPA.

13.     Higdon is an attorney with CC&B. She practices from the firm's office in Irondale, Alabama. CC&B's website identifies Higdon as "an Associate Litigator in the Alabama Office of Couch, Conville & Blitt, LLC," whose "practice focuses upon consumer legal collections and creditor's defense." *See* "Attorneys" page, http://www.gulfsouthlegal.com/index.php/attorneys (last viewed September 24, 2014).

14.     Hundreds of consumer debt-collection complaints have been filed since 2012 in Alabama state courts over Higdon's signature as the filing attorney. Therefore, Higdon is a "debt collector" for purposes of the FDCPA.

15. The FDCPA states: "Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce." 15 U.S.C. § 1692(d).

3

16.     The debt-collection activities of CC&B and Higdon constitute, or directly affect, interstate commerce.

17.     The debt-collection activities of CC&B and Higdon, and specifically the activities relating to Nix, are subject to the requirements and prohibitions of the FDCPA.

18.     In all matters and activities pertinent to this Complaint, Higdon acted in the line and scope of her duties as an employee and servant of CC&B.

### CC&B's Dunning Letter to Nix

19.     CC&B sent Nix what is sometimes called a "dunning letter," or a demand letter, dated December 3, 2014 (the "CC&B Letter"). A true and correct copy of the CC&B Letter is attached to this Complaint as Exhibit A.

20.     The CC&B Letter stated that it was "from a debt collector."

21.     In the signature area below "Sincerely," at the bottom of the CC&B Letter's text, was the following printed information:

> Couch, Conville & Blitt
> Attorneys & Counselors At Law

22.     The CC&B Letter was on CC&B letterhead. At the top of the page, below a "Couch Conville Blitt" logo, were the words, in boldface type: "Attorneys & Counselors At Law."

23.     The CC&B Letter listed 16 attorneys associated with the law firm. Included in the list of 16 attorneys were Higdon and W. James Sears ("Sears"). Higdon and Sears were identified as being licensed attorneys in Alabama. CC&B's website states that Sears, like Higdon, works in the firm's office in Irondale, Alabama. *See* "Attorneys" page, http://www.gulfsouthlegal.com/index.php/attorneys (last viewed September 24, 2014).

24.     The CC&B Letter stated that CC&B represented Razor Capital, LLC ("Razor Capital"), in connection with an alleged debt of $7,176.41.

4

25.     The CC&B Letter stated that the "Mailing Address" for CC&B was "1450 Poydras St, Suite 2200, New Orleans, LA 70112." The same mailing address was repeated on the reverse side of the CC&B Letter.

26.     Upon information and belief, no attorney personally reviewed the CC&B Letter or Nix's alleged account information before the CC&B Letter was sent to Nix.

27.     Upon information and belief, the CC&B Letter was a form letter that was generated by non-attorneys at CC&B's office in New Orleans and was virtually identical to thousands of dunning letters mailed to consumers by CC&B each year.

28.     The CC&B Letter implied that it was originated, produced or reviewed by an attorney.

29.     The CC&B Letter did not include a disclaimer to reveal that the information in the letter had not yet been reviewed by an attorney.

30.     The CC&B Letter was misleading to an "unsophisticated borrower" because it incorrectly implied that it was a communication from an attorney.

31.     The CC&B Letter incorrectly represented to Nix that she could "become liable for attorney's fees and costs."

32.     Nix did not enter into an agreement with Citibank or Razor Capital that authorized a possible recovery against her for attorney's fees and costs.

33.     The CC&B Letter failed to state an amount certain that allegedly was due and owing.

<u>Lawsuit in Violation of FDCPA</u>

34.     On March 7, 2014, Higdon filed a complaint against Nix (the "Razor Capital Complaint") in the Circuit Court of Jefferson County, Alabama, Birmingham Division, as the attorney for Razor Capital. Exhibit B to this Complaint is a true and correct copy of the Razor

5

Capital Complaint in the civil action styled as Razor Capital, LLC v. Jennifer Nix, Civil Action No. 01-CV-2014-901054.00, Circuit Court of Jefferson County, Alabama.

35.     The Razor Capital Complaint was filed over Higdon's electronic signature.  Sears also was listed as an attorney for Razor Capital, but he did not electronically or manually sign the Razor Capital Complaint.

36.     The Razor Capital Complaint was filed in the wrong venue.

37.     Where real property is not involved, debt-collection lawsuits governed by the FDCPA must be filed in the judicial district where the consumer resides or where she signed the contract being sued upon.  15 U.S.C. §1692i(a)(2).  Specifically, section 1692i provides:

> (a) Venue
>
> Any debt collector who brings any legal action on a debt against any consumer shall--
>
> (1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or
>
> (2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity--
>
> (A) in which such consumer signed the contract sued upon; or
>
> (B) in which such consumer resides at the commencement of the action.

38.     Nix does not reside in Jefferson County.  She did not reside in Jefferson County when the Razor Capital Complaint was filed.  She did not reside in Jefferson County at the time she allegedly entered into a credit card agreement with Citibank.

39.     The commencement of a consumer collection action in the wrong venue constitutes a violation of the FDCPA.  *See, e.g., Serna v. Law Office of Joseph Onwuteaka, PC,*

6

2014 WL 109402, at *5 (S.D. Tex. Jan. 10, 2014) (holding that "federal law is clear that the FDCPA, not state venue rules, define which venue is proper for a suit governed by the FDCPA"); *McKnight v. Benitez*, 176 F. Supp. 2d 1301, 1309 (M.D. Fla. 2001) ("Because the Court determines that Plaintiff has stated a cause of action for a violation of the FDCPA, the FDCPA venue provision preempts state law venue provisions.").

40.     The Razor Capital Complaint also was filed in the wrong venue as a matter of Alabama law.

41.     The Razor Capital Complaint purported to state a claim against Nix for alleged breach of contract. Under section 6-3-2(a)(2) of the Code of Alabama, venue in a contract action against an individual defendant is proper **only** "in the county in which the defendant or one of the defendants resides if such defendant has within the state a permanent residence."

42.     Nix has been a resident of Shelby County continuously since February 2003.

43.     On August 14, 2014, Nix filed a motion in the Circuit Court of Jefferson County to dismiss the Razor Capital Complaint for improper venue. She also filed a supporting affidavit. Her motion pointed out that the filing of the lawsuit in Jefferson County violated the FDCPA and the state venue provision. A true and correct copy of Nix's motion to dismiss is attached to this Complaint as Exhibit C. The motion was served electronically on Higdon and Sears, as counsel for Razor Capital, on August 14, 2014. True and correct copies of the court's electronic service "transmittal" notices to Higdon and Sears are attached to this Complaint as composite Exhibit D.

44.     On August 15, 2014, Nix's undersigned counsel called Higdon's Irondale office and left a voice message. There was no response to the call.

45.     Razor Capital, represented by CC&B and Higdon, did not file a response to Nix's

motion to dismiss in the Circuit Court of Jefferson County.

46.     The Circuit Court of Jefferson County held a hearing on August 25, 2014, on Nix's motion to dismiss.  Nix was represented at the hearing by her undersigned counsel. Higdon did not appear at the hearing, and no other person appeared at the hearing on behalf of Razor Capital.  No hearing would have been required if Razor Capital, through Higdon and Sears, had promptly and voluntarily dismissed the Razor Capital Complaint in light of the venue violation.

47.     Shortly after the hearing on August 25, 2014, the Circuit Court of Jefferson County, Birmingham Division, entered an order dismissing the Razor Capital Complaint.  A true and correct copy of the order of dismissal is attached hereto as Exhibit E.

48.     The activities of CC&B and Higdon detailed above harmed Nix and caused her to incur damages.

## COUNT ONE

49.     Nix adopts here by reference the averments of paragraphs 1-48 above as if set out here in full.

50.     The CC&B Letter violated the FDCPA.

51.     The CC&B Letter falsely represented or implied that the communication was from an attorney, or that an attorney had reviewed the CC&B Letter before it was sent.

52.     The CC&B Letter falsely represented that Nix could be liable for Razor Capital's attorney's fees and costs.

53.     The CC&B Letter improperly failed to state an amount certain that allegedly was due and owing.

8

54.    The CC&B Letter, which was derived from a form letter used for similar communications by the defendants to thousands of consumers, willfully, recklessly, wantonly or negligently violated the FDCPA.

WHEREFORE, THE PREMISES CONSIDERED, Nix demands judgment against the defendants, jointly and severally, for compensatory damages as provided by law and in an amount to be determined by the jury at the trial of this action; statutory damages as provided by 15 U.S.C. § 1692k; punitive damages to the extent allowed by law; her reasonable attorney's fees and expenses pursuant to 15 U.S.C. § 1692k; costs of this action; and such further and different relief as the Court may deem just.

## COUNT TWO

55.    Nix adopts here by reference the averments of paragraphs 1-54 above as if set out here in full.

56.    CC&B and Higdon violated the FDCPA by filing a lawsuit against Nix in Jefferson County, Alabama, which was not the proper venue under either the FDCPA or Alabama law.

57.    The filing of the lawsuit against Nix in the wrong venue supports a claim under the FDCPA for violation of the federal law.

58.    CC&B and Higdon violated the FDCPA willfully, recklessly, wantonly or negligently by suing Nix in the wrong venue, by failing and refusing to dismiss the action voluntarily even after they were informed of the violation, and by forcing Nix to appear through counsel at a hearing on her motion to dismiss while CC&B and Higdon failed to appear at the hearing.

9

59.    The filing of the Razor Capital Complaint in the wrong venue, and the failure of CC&B and Higdon to rectify their violation voluntarily, harmed Nix and caused her to suffer damages, including but not necessarily limited to her legal expenses and her own time and effort to address the mis-filed lawsuit.

WHEREFORE, THE PREMISES CONSIDERED, Nix demands judgment against the defendants, jointly and severally, for compensatory damages as provided by law and in an amount to be determined by the jury at the trial of this action; statutory damages as provided by 15 U.S.C. § 1692k; punitive damages to the extent allowed by law; her reasonable attorney's fees and expenses pursuant to 15 U.S.C. § 1692k; costs of this action; and such further and different relief as the Court may deem just.

Randall D. Quarles (ASB-6224-U81R)

An Attorney for Plaintiff Jennifer Nix

**OF COUNSEL:**
Frances P. Quarles (ASB-3466-R81F)
QUARLES LAW FIRM, LLC
300 Office Park Drive
Suite 100
Mountain Brook, AL 35223
Telephone: (205) 874-7000
Telecopier: (205) 874-7002
rquarles@quarleslawfirm.com
fquarles@quarleslawfirm.com

## JURY DEMAND

Plaintiff, Jennifer Nix, requests a trial by jury on all claims so triable.

OF COUNSEL

10

Plaintiff's Address:

Jennifer Nix
1047 Eagle Hollow Drive
Birmingham, AL 35242

## **Please serve Defendants by Certified Mail as follows:**

Couch, Conville & Blitt LLC
c/o Christopher J. Couch, Managing Partner
1450 Poydras Street, Suite 2200
New Orleans, LA 70112

Malea A. Higdon
4520 Cahaba River Boulevard
Hoover, AL 35216